UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH VALDERRAMA,

    Plaintiff,

                              CASE NO.:

v.

DR HORTON, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Joseph Valderrama, by and through undersigned counsel, brings this action against Defendant, DR Horton, Inc., and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Sarasota County, which is in this District.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida.

5. Defendant is also located in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff began working for Defendant in or around May 2023.

12. Plaintiff is a qualified individual with a disability as defined by the ADA and FCRA.

13. Specifically, on or around December 26, 2023, Plaintiff suffered from a near sever of his spine, when he was injured in an auto accident.

14. During the course of Plaintiff's employment, Defendant subjected Plaintiff to disparate treatment based on his disability.

2

15. After Plaintiff was involved in the auto accident on or around December 26, 2023, Plaintiff sought medical treatment for his injuries, underwent imaging, and was referred to physical therapy, due to the near sever of his spine.

16. Plaintiff informed Defendant of his need for physical therapy three (3) times per week.

17. Plaintiff required and requested the reasonable accommodation of being permitted to arrive late to work on occasion, so that he could attend his physical therapy appointments.

18. Defendant initially indicated that this would not be an issue.

19. In or around late-January 2024, Plaintiff provided Defendant with medical documentation, which requested that Plaintiff be permitted to arrive to work around 10:30/11:00am two (2) days per week for around four (4) weeks (beginning in February 2024) and then one (1) day per week for roughly the following four (4) weeks, to allow him to attend physical therapy.

20. Plaintiff further requested the reasonable accommodation of a standing desk.

21. However, Defendant (Sylvia Antanello, from Human Resources) informed Plaintiff that Defendant did not accept his medical documentation and that if Defendant was not able to sit in his chair from 8:00am to 5:00pm, then he could not work there any longer.

22. Defendant further told Plaintiff that he "was not really hurt" since he "was not in a wheelchair."

23. Additionally, Sylvia suddenly suggested that Plaintiff was "not a good fit" for Defendant.

24. She also informed Plaintiff that she would begin entering "negative bonuses" to reduce his pay.

25. On or around February 17, 2024, Defendant issued a write up against Plaintiff for being late to work, due to physical therapy.

26. Defendant told Plaintiff that if he was late again, he would be terminated.

27. In fact, Defendant removed a portion of Plaintiff's paid time off to which he was entitled, which Sylvia explained was due to Plaintiff continuing to attend his medical appointments, despite Sylvia's instruction not to.

28. Plaintiff objected to this denial of reasonable accommodation, disparate treatment, and retaliation against him, and contacted Defendant's corporate office about these issues.

29. Shortly thereafter, on or around March 5, 2024, Defendant terminated Plaintiff, based on his disability and in retaliation for Plaintiff engaging in protected activity, in violation of the ADA and FCRA.

30. In fact, in terminating Plaintiff, Sylvia chastised Plaintiff for contacting Defendant's corporate office, stating that Human Resources is the only one that "gets to reach out to corporate" and referring to Plaintiff as a "rat."

31. Further, Syliva informed Plaintiff that he would "learn a lesson" from Defendant terminating him.

32. Finally, by having removed a portion of the paid time off for which Defendant compensated Plaintiff, Defendant reduced Plaintiffs final paycheck by a significant amount, as the number of PTO hours paid out to Plaintiff had been decreased.

### COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27, 29, and 32 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under the ADA.

35. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability.

36. Specifically, Defendant issued a write up against Plaintiff, reduced Plaintiff's pay, and terminated Plaintiff's employment.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

  d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  g) Any other compensatory damages, including emotional distress, allowable at law;

  h) Punitive damages;

  i) Prejudgment interest on all monetary recovery obtained.

  j) All costs and attorney's fees incurred in prosecuting these claims; and

  k) For such further relief as this Court deems just and equitable.

### COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 13 and 15 through 22 of this Complaint, as though fully set forth herein.

40. Plaintiff is disabled, or was perceived by Defendants as being disabled.

41. Defendants failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to perform the essential functions of his job.

42. Defendants' actions were willful and done with malice.

43. Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issues and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of law enumerated herein;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f) Compensatory damages, including emotional distress, allowable at law;

    g) Punitive damages;

    h) Prejudgment interest on all monetary recovery obtained;

    i) All costs and attorney's fees incurred in prosecuting these claims; and

    j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the ADA.

46. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's disparate treatment of him, based on his disability and by requesting reasonable accommodations.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by issuing Plaintiff a write up, reducing Plaintiff's pay, and terminating Plaintiff's employment.

48. Defendant's actions were willful and done with malice.

49. The adverse employment action that Defendant took against Plaintiff was material.

50. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)    That this Court enter an injunction restraining continued violation of the ADA;

    e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

51.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 27, 29, and 32 of this Complaint, as though fully set forth herein.

52.    Plaintiff is a member of a protected class under the FCRA.

53. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

54. Specifically, Defendant issued a write up against Plaintiff, reduced Plaintiff's pay, and terminated Plaintiff's employment.

55. Defendants' actions were willful and done with malice.

56. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## **COUNT V—FCRA VIOLATION**
### **(DENIAL OF REASONABLE ACCOMMODATION)**

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 13 and 15 through 22 of this Complaint, as though fully set forth herein.

58. Plaintiff has a handicap or was perceived by Defendants as having a handicap.

59. Defendants failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to perform the essential functions of his job.

60. Defendants' actions were willful and done with malice.

61. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)      A jury trial on all issues so triable;

    b)      That process issue and that this Court take jurisdiction over the case;

    c)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)      Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    e)      Any other compensatory damages, including emotional distress, allowable at law;

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

62. Plaintiff realleges and readopts the allegations paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA based on his disability/handicap.

64. Plaintiff engaged in protected activity under the FCRA by objecting to disability discrimination and requesting reasonable accommodations.

65. Defendants retaliated against Plaintiff by issuing Plaintiff a write up, reducing Plaintiff's pay, and terminating Plaintiff's employment.

66. Defendants' actions were willful and done with malice.

67. Defendants took material adverse action against Plaintiff.

68. Plaintiff was injured by Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of August, 2025.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com

Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**